UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALFREDO CASTRO,<br><br>    Defendant. | Case No. 1:25-cr-00069-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Alfredo Castro's Motion to Dismiss Indictment (Dkt. 29) and Motion to Hold in Abeyance the motion to dismiss (Dkt. 30). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons discussed below, the Court denies both motions and will schedule this matter for trial.

## I. BACKGROUND

On March 11, 2025, a grand jury returned an indictment charging Defendant Alfredo Castro with a violation of 18 U.S.C. § 922(g)(1) (Dkt. 2). Castro has four prior predicate felony convictions, all for felony possession of a controlled substance in violation of Idaho Code § 37-2732 (Dkt. 2).

On August 19, 2025, Castro moved to dismiss the indictment on the grounds that § 922(g)(1) is unconstitutional, despite acknowledging that the Ninth Circuit's en banc decision in *United States v. Duarte*, 137 F.4th 743, 748 (9th Cir. 2025) forecloses his motion (Dkt. 29 at 2). In its en banc decision in *Duarte*, the Ninth Circuit held that categorical disarmament of felons is

in keeping with the Nation's historical tradition of firearm regulation, and, accordingly, that there is no need for "felony-by-felony" litigation to determine whether § 922(g)(1) applies in any given case. *Duarte*, 137 F.4th at 761.

On the same day that Castro moved to dismiss the indictment, he moved to hold his motion to dismiss in abeyance (Dkt. 30) until the mandate is issued in *Duarte*. *Duarte*'s mandate is stayed ninety days pending the filing of petition for a writ of certiorari in the Supreme Court (now extended to October 6, 2025); if the petition is filed, the stay will continue until the Supreme Court disposes of the petition.

## II.  LEGAL STANDARD

Rule 12(b) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Although the court may make preliminary factual findings necessary to decide legal questions presented by a motion, the court may not invade the jury's province. *Id.* "A motion requiring factual determinations may be decided before trial if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (citation modified). Under this standard, "the district court must decide the issue raised in the pretrial motion before trial if it is entirely segregable from the evidence to be presented at trial." *Id.* (citation modified).

A defendant may seek dismissal of an indictment on the grounds that the statute authorizing the charge is unconstitutional. Such a challenge may be either a facial or an as-applied

attack to the statute's constitutionality. To succeed on a facial attack, the moving party must demonstrate "no application of the statute could be constitutional." *Sabri v. United States*, 541 U.S. 600, 609 (2004). A facial challenge is the "most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Conversely, an as-applied challenge is based on a developed factual record and the statute's application to the defendant. *Spence v. Washington*, 418 U.S. 405, 414 (1974).

### III.   ANALYSIS

#### A.   Motion to Hold in Abeyance

Castro asks this Court to hold his motion to dismiss in abeyance until the Supreme Court either weighs in or leaves *Duarte* in place, arguing that there is "more certainty about the shifting legal landscape" to be gained by waiting (Dkt. 30 at 3). The Court declines to do so.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also United States v. Castro*, 382 F.3d 927, 929 (9th Cir. 2004). In exercising this discretion, the Court must "weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Such competing interests include: (1) the possible damage that may result from a stay; (2) the hardship or inequity a party may suffer if required to proceed; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Additionally, when a party seeks to stay a criminal case before trial, the Court must consider the Speedy Trial Act. A defendant cannot unilaterally waive his right to a speedy trial.

**MEMORANDUM DECISION AND ORDER - 3**

*Zedner v. United States*, 547 U.S. 489, 500 (2006). Thus, any continuances must fit within an exclusion contained in 18 U.S.C. § 3161(h). Castro asserts that a stay would serve the ends of justice under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i) (Dkt. 30 at 4).

The Court has carefully weighed these competing interests and finds that the balance tips against granting a stay. First, this case involves a confidential informant whose memories may fade with time and whose availability cannot be guaranteed indefinitely. As the Government notes, further delay potentially risks the loss of evidence, deterioration of witnesses' memories, and possible risks to the cooperating individual (Dkt. 31 at 4). While the Court is not aware of any direct threats to the informant, there is always a general concern for the safety of those cooperating with law enforcement. *See United States v. Doe*, 870 F.3d 991, 1000 (9th Cir. 2017).

Second, the public has a strong interest in the prompt resolution of criminal cases. The Speedy Trial Act recognizes that the right to a speedy trial belongs not only to Castro but also to the public. 18 U.S.C. § 3161(h)(7)(A). The Court must balance Castro's desire to await potential Supreme Court review against the public's interest in the timely administration of justice.

Third, and most importantly, the law in this circuit is now settled. The Ninth Circuit has recognized that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). *Duarte* is the law of the circuit, and this Court is bound to follow it "unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)). The mere possibility that the Supreme Court might grant certiorari and reverse *Duarte* does not justify an indefinite stay of proceedings.

**MEMORANDUM DECISION AND ORDER - 4**

Fourth, Castro acknowledges the existence of a circuit split on the constitutionality of § 922(g)(1), with the Ninth Circuit joining four other circuits in upholding the categorical application of the statute to all felons (Dkt. 30 at 3). While a circuit split may increase the likelihood of Supreme Court review, it does not guarantee it. The Court cannot indefinitely delay proceedings based on speculation about what the Supreme Court might do.

Finally, the Court notes that Castro has alternative means to preserve his challenge. Should he be convicted, Castro may appeal and seek a stay at that level if a petition for certiorari is filed in *Duarte*. This approach allows the case to proceed while preserving Castro's ability to benefit from any favorable Supreme Court ruling. *See United States v. Sharp*, No. 2:24-CR-00173-AKB, 2025 WL 2782912, at *2 (D. Idaho Sept. 30, 2025).

The Court finds that an ends-of-justice continuance under § 3161(h)(7) is not warranted here. The factors weighing against a stay—particularly the involvement of a confidential informant, the public's interest in prompt resolution, and the binding nature of circuit precedent—substantially outweigh any benefit from awaiting potential Supreme Court review. Accordingly, the Court denies Castro's motion to hold the case in abeyance because the stay would not be moderate or definite. Should the Supreme Court grant certiorari in *Duarte*, Castro may renew his request for a stay.

**B.     Motion to Dismiss Indictment**

Castro moves to dismiss the indictment, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment as applied to him. Castro acknowledges that his motion is foreclosed by the Ninth Circuit's en banc decision in *United States v. Duarte* but seeks to preserve the issue for appellate review.

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the Supreme Court established a two-step framework for analyzing Second Amendment challenges. First, courts must determine whether the Second Amendment's plain text covers the person's conduct. *Id*. at 24. If it does, then the burden shifts to the government to prove that the challenged law is consistent with the Nation's historical tradition of firearm regulation. *Id.*

Castro argues that § 922(g)(1) cannot constitutionally be applied to him because his prior convictions were for non-violent drug offenses rather than violent felonies (Dkt. 29 at 2-3). He contends that the government should be required to demonstrate that the Nation has "a longstanding tradition of disarming someone with a criminal history analogous to" his (*id.* at 4).

The Ninth Circuit's en banc decision in *Duarte*, however, squarely forecloses this argument. In *Duarte*, the court held that 18 U.S.C. § 922(g)(1) is not unconstitutional as applied to non-violent felons. 137 F.4th at 748. The court specifically rejected the notion that courts must engage in "felony-by-felony litigation" to determine whether § 922(g)(1) can be constitutionally applied to particular defendants. *Duarte*, 137 F.4th at 761. Instead, the court concluded that "historical tradition is sufficient to uphold the application of § 922(g)(1) to all felons." *Duarte*, 137 F.4th at 761.

The *Duarte* court's analysis was comprehensive. It examined the text of the Second Amendment, concluding that § 922(g)(1) regulates conduct covered under the plain text of the Second Amendment. *Duarte*, 137 F.4th at 750-52. The court then conducted an extensive historical analysis, examining Founding-era laws and traditions regarding the disarmament of individuals deemed dangerous or untrustworthy. *Id.* at 752-61. The court concluded that the Nation's historical

tradition supports the categorical disarmament of felons, without regard to the specific nature of their prior offenses. *Id.* at 761.

Castro's case falls squarely within *Duarte's* holding. He has four prior felony convictions for possession of controlled substances—non-violent offenses that *Duarte* explicitly addressed. Under *Duarte*, the fact that Castro's prior convictions were for non-violent drug offenses rather than violent crimes is irrelevant to the constitutional analysis. The Ninth Circuit has relieved the government of its burden to make individualized showings about particular criminal histories. *Id.*

While Castro correctly notes that other circuits have reached different conclusions—with some leaving open the possibility of successful as-applied challenges and one circuit holding § 922(g)(1) unconstitutional as applied to a defendant convicted of making false statements to obtain food stamps (Dkt. 30 at 3)—this Court is bound by Ninth Circuit precedent. Only the Supreme Court or the Ninth Circuit sitting en banc can overturn *Duarte*.

The Court appreciates that Castro has filed this motion to preserve the issue for appellate review, and the Court's ruling does not preclude Castro from raising this challenge on appeal should he be convicted. However, under current Ninth Circuit law, Castro's as-applied challenge to § 922(g)(1) must be denied.

## IV.  ORDER

**IT IS ORDERED that:**

1. Castro Alfredo Castro's Motion to Dismiss Indictment (Dkt. 29) is **DENIED**.
2. Castro Alfredo Castro's Motion to Hold in Abeyance (Dkt. 30) is **DENIED.**

3. The Court will issue an order setting the case for trial and establishing the deadlines to govern the case.

DATED: October 07, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**